**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

LOWER CASE NUMBER: 2020-014726-CA-01

GONZALO VALDES,

       CASE NO.:

   Plaintiff,

vs.

FEDEX FREIGHT, INC., an Arkansas Profit
Corporation,

   Defendant.
_____/

**NOTICE OF REMOVAL OF DEFENDANT FEDEX FREIGHT INC.**

    Defendant, FEDEX FREIGHT, INC. ("FEDEX" or "Defendant"), through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1446, submits its Notice of Removal of this action from the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami-Dade Division.

    Please note, however, that by filing this Notice of Removal the Defendant expressly reserves, and does not in any way waive, any defenses to the claims set forth by the Plaintiff in the State Court Action (defined below) or within the Complaint, nor does Defendant waive any challenge to jurisdiction (personal or subject matter), venue, sufficiency of process, sufficiency of service of process, the Plaintiff's failure to join a party pursuant to Rule 19 of the Federal Rules of Civil Procedure, or the Plaintiff's failure to assert a claim or claims within its Complaint upon which relief can be granted, or any other matter or defense. Rather, Defendant expressly reserves the right to raise any and all matters and defenses, including, but not limited to, any of the foregoing objections, defenses, or issues by way of a timely and appropriately filed Motion or Defense

1

permitted by the applicable Federal Rules of Civil Procedure and Local Rules of this Court. In support of this Notice of Removal, the Defendant states as follows:

## I.   STATE COURT ACTION

1. According to the State court docket, on July 13, 2020, Plaintiff GONZALO VALDES ("Plaintiff") filed his Complaint[1] against FEDEX in the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled as *Gonzalo Valdes v. FFEDEX Freight Inc.*, Case No.: 2020-014726-CA-01 (the "State Court Action").[2]

2. The State Court action involves a dispute involving alleged violations of the Florida Civil Rights Act of 1992, Section 760.01, *et. seq.*, Fla. Stat. ("FRCA) against the Defendant.[3]

3. Specifically, Plaintiff has asserted causes of action for "Discrimination Based on National Origin in Violation of the FRCA," (Count I) and "Discrimination Based on Color in Violation of the FCRA," (Count II) in connection with alleged termination from Plaintiff's employment with the Defendant.[4]

## II.   DIVERSITY JURISDICTION

4. This case is removable pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446.

5. Title 28 U.S.C. § 1332(a)(1) provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

6. All real parties in interest are diverse for purposes of jurisdiction under 28 U.S.C. §§ 1332, as stated below.

---

[1] Exhibit "1," Complaint.
[2] Exhibit "2," Docket Sheet, State Court Action.
[3] *See* Ex. "1," Complaint, at ¶ 1.
[4] *See* Ex. "1," Complaint, at ¶¶ 31-50.

2

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different State and diverse for purposes of jurisdiction and because the amount in controversy exceeds $75,000. According to the Complaint, Plaintiff is a resident of Miami-Dade County, Florida.[5]

8. While the Complaint states that Defendant is a Florida corporation, Defendant is actually a foreign corporation organized under the laws of the State of Arkansas, with its principal place of business located in Memphis, TN.[6] Therefore, at all times relevant to the Complaint, FEDEX was, and still is, a citizen of the State of Arkansas.

9. The only named Defendant in the State Court Action is FEDEX.

10. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (b), because (1) Plaintiff is a citizen of a different State (Florida) than the Defendant (Arkansas), and (2) the amount in controversy exceeds $75,000 as further detailed in Section III below.

### III.   AMOUNT IN CONTROVERSY

11. Consistent with Florida practice, Plaintiff did not plead a specific amount in controversy. Rather, in order to satisfy the jurisdictional requirements for State circuit court jurisdiction, Plaintiff merely alleged that Plaintiff's damages are in excess of $30,000. However, the State Court's minimal jurisdictional amount of $30,000 does not represent the actual amount in controversy in this matter. *See Leonard v. Enterprise Rent A Car*, 279 F. 3d 967, 972 n. 9 (11th Cir. 2002) (finding that seeking an minimal jurisdictional amount does not qualify as a demand for a specific amount of damages).

---

[5] *See* Ex. "1," Complaint, at ¶ 2.
[6] Exhibit "3," Florida Division of Corporation Records evidencing that Defendant is an Arkansas entity.

12. When a plaintiff files a case in State court, and fails to plead a specific amount of damages (as here), the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy, Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001). The Complaint in this case simply seeks damages "…exceeding $30,000 excluding attorneys' fees and costs…." This does not qualify as a demand for a specific amount of damages. *Leonard v. Enterprise Rent A Car*, 279 F. 3d 967, 972 n. 9 (11th Cir. 2002). Thus, the issue is whether the defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs.

13. To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F. 3d 1309, 1314-15 (11th Cir. 2002).

14. Plaintiff is seeking damages for, among other things, (1) emotional distress, (2) embarrassment and humiliation; (3) an injunction; (4) compensation for lost wages and benefits, including front and back pay (Plaintiff was allegedly terminated on 1/29/2019), with prejudgment interest; (5) punitive damages; and (6) attorneys' fees.[7]

15. Based on the facts alleged in in Plaintiff's Complaint, it is more likely than not that the amount in controversy exceeds $75,000.

16. Accordingly, even though the Complaint only alleges damages in excess of $30,000, the facts alleged in Plaintiff's Complaint clearly demonstrate that the amount in controversy is in excess of $75,000.

17. As Plaintiff failed to plead a specific amount of damages in the State Court Action, this Notice of Removal need include only a plausible allegation that the amount in controversy

---

[7] *See* Ex. "1," Complaint, at Wherefore Clause, ¶¶ A-K.

exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014); *see also Dudley v. Eli Lilly and Co.,* 778 F. 3d 909, 912 (11th Cir. 2014).

18. Therefore, the actual amount in controversy far exceeds the jurisdictional amount of $75,000.

### IV. NOTICE

19. The State Court Action was filed on July 13, 2020.[8]

20. FEDEX was served with a copy of the Complaint and Summons on August 6, 2020.[9]

21. Pursuant to 28 U.S.C. § 1446(a), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based .... "

22. As required by 28 U.S.C. § 1446(b), contemporaneously with the filing of this Notice, Defendant is filing its Notice of Removal in the State Court Action, alleging diversity jurisdiction and written notice of this filing will be served on Plaintiff, the adverse party.

23. Lastly, FEDEX is the only named Defendant in the State Court Action.

### V. VENUE

24. Title 28 U.S.C. § 1441(a) provides, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

---

[8] *See* Ex. "1," Complaint
[9] Exhibit. "4," Summons

5

court of the United States for the district and division embracing the place where such action is pending.

25. Venue is proper –for purposes of this Notice of Removal from State court – pursuant to 28 U.S.C. § 1441(a) because this Court is the district court for the United States for the district and division within which the State Court Action is pending.

## VI. PROCEDURAL STATMENT

26. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the Defendants in this action.[10]

27. As required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice, the Defendant shall give written notice thereof to all parties and file its Notice of Removal with the Clerk of the Court for the 11th Judicial Circuit Court in and for Miami-Dade County, Florida.

28. Lastly, there are no pending motions in the State Court Action.

---

[10] Composite Exhibit. "5," State Court Action Pleadings.

WHEREFORE, Defendant FEDEX FREIGHT, INC. respectfully requests that this Court assume jurisdiction of this cause as if it had been originally filed here, that further proceedings in the State Court Proceeding be stayed, and for such other and further relief, at law or in equity, general or special, to which it may be justly entitled.

Dated: August 26, 2020

          Respectfully submitted,

          /s/ *Michelle D. Cofiño, Esq.*
          Michelle D. Cofiño, Esq.
          Florida Bar No.: 27684
          michelle.cofino@qpwblaw.com
          Reginald J. Clyne, Esq.
          Florida Bar No.: 654302
          Reginald.clyne@qpwblaw.com
          **Quintairos, Prieto, Wood & Boyer, P.A.**
          9300 S. Dadeland Blvd., 4th Floor
          Miami, FL 33156
          Tel: (305) 670-1101
          Fax: (305) 670-1161
          Attorneys for Defendant FEDEX FREIGHT, INC.

## CERTIFICATE OF SERVICE

    **I hereby certify** that a true and correct copy of the foregoing was served by E-Mail on August 26, 2020, on all counsel or parties of record on the Service List below.

                                      */s/ Michelle D. Cofiño, Esq.*

## SERVICE LIST

| Reginald J. Clyne, Esq.<br>Michelle D. Cofiño, Esq.<br>michelle.cofino@qpwblaw.com<br>cecilia.quevedo@qpwblaw.com<br>**Quintairos, Prieto, Wood & Boyer, P.A.**<br>9300 S. Dadeland Blvd., 4th Floor<br>Miami, FL 33156<br>Tel: (305) 670-1101<br>Fax: (305) 670-1161<br>Attorneys for Defendant FEDEX FREIGHT, INC. | Peter M. Hoogerwoerd, Esq.<br>pmh@rgpattorneys.com<br>**Remer & Goerges-Pierre, PLLC**<br>Court House Tower<br>44 West Flagler Street<br>Suite 2200<br>Miami, FL 33130<br>Telephone: (305)416-5000<br>Facsimile: (305)416-5005<br>Attorneys for Plaintiff |
|---|---|